IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEMUEL STRAUGHTER, #B-85000,

        Petitioner,

                                      CIVIL NO. 11-cv-055-DRH

vs.

DAVE REDNOUR,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Petitioner, currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner was found guilty of first degree murder after a jury trial in St. Clair County. He was sentenced to 50 years imprisonment on August 5, 2004. Petitioner appealed, arguing that he was denied a fair trial when, during his trial testimony, the State was allowed to impeach him with his prior conviction for aggravated unlawful use of a weapon (Doc. 1, pp. 3, 20-21). Petitioner's conviction was affirmed on direct appeal on December 6, 2005. *People v. Straughter*, No. 5-04-0565, 919 N.E.2d 536 (Ill. App. 2005) (table of unpublished orders). The Illinois Supreme Court denied his petition for leave to appeal ("PLA") on March 29, 2006.

*People v. Straughter*, No. 102107, 850 N.E.2d 812 (Ill. 2006) (table). Petitioner did not seek further review from the United States Supreme Court.

On September 25, 2006, Petitioner filed a petition for state post-conviction relief in the St. Clair County Circuit Court, seeking relief based on prosecutorial misconduct, and ineffective assistance of trial and appellate counsel. His post-conviction petition was dismissed as frivolous in October, 2006, and he appealed. The record does not disclose the date on which the Illinois Appellate Court affirmed the dismissal of that petition. However, petitioner filed a PLA to the Illinois Supreme Court, which was denied on May 26, 2010. *People v. Straughter*, No. 109931, 932 N.E.2d 1036 (Ill. 2010) (table) (denying leave to appeal from Illinois Appellate Court Case No. 5-06-0632).

Petitioner then filed the instant action on January 21, 2011. In this petition, he raises two grounds for relief: (1) petitioner was denied a fair trial where the trial court allowed the State to impeach him with his prior conviction for aggravated unlawful use of a weapon; and (2) petitioner was denied a fair trial by the prosecutor's improper closing argument, and because he was denied the effective assistance of counsel both at trial and on appeal. Specifically, petitioner faults counsel's failure to object to the prosecutor's argument that the victim was killed for no reason, when petitioner apparently raised the defense that he believed he needed to defend himself from the victim**.**

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause

why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated:  September 20, 2011**

Digitally signed by
David R. Herndon
Date: 2011.09.20
11:00:54 -05'00'

**Chief Judge**
**United States District Court**