IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEMUEL STRAUGHTER,

        Petitioner,

vs.                                       Case No. 11–cv–0055–DRH–SCW

MIKE ATCHISON,

        Respondent.

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I.     Introduction

On April 15, 2004, a jury found petitioner guilty of first degree murder in St. Clair County, Illinois. Petitioner received a fifty year sentence and is currently serving his term at Menard Correctional Center. On January 21, 2011, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raised two different grounds for relief: 1) at trial, he was improperly impeached by the introduction of his prior criminal conviction in violation of the 6th and 14th Amendments; 2) petitioner's appointed appellate counsel was ineffective because he failed to raise the ineffectiveness of petitioner's appointed trial counsel for failing to object to improper closing argument. An answer is on file (Doc. 18), with supporting exhibits (Doc. 19), and petitioner's time to file a reply has lapsed. (Doc. 20). For the following reasons, petitioner Lemual Straughter's Petition for Habeas Corpus (Doc. 1) is **DENIED**.

1

## II. Factual & Procedural Background

This Court must presume that the state court's factual determinations are correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e); *Badelle v. Correll*, 452 F.3d 648, 659 (7th Cir. 2006). The following factual background relating to the instant petition has been taken from the Rule 23 unpublished decision rendered by the Illinois Fifth District Appellate Court on December 7, 2005 (Case No. 05-04-0565) (Doc. 19-1) denying Petitioner's appeal of his conviction due to the alleged improper impeachment; and from the appellate court's Rule 23 order rendered on July 16, 2010 (Case No. 05-06-0632) (Doc. 19-2) affirming the trial court's finding that Petitioner's motion for post-conviction relief was patently frivolous.

### A. Trial & Sentencing

A jury found petitioner guilty in the circuit court of St. Clair County of one count of first degree murder. (Doc. 19-1, p. 6). The State accused petitioner of the September 15, 2002 shooting death of Carlos Gibson. (Doc. 19-1, p. 1). Petitioner claimed he acted in self-defense. (Doc. 19-1, p. 1). Petitioner had previously had a relationship with Lafonda Brown, which produced two children. (Doc. 19-1, p. 2). Brown subsequently began seeing Gibson. (Doc. 19-1, p. 2). On September 14, 2002, petitioner heard a rumor that one of his children had been sexually molested. (Doc. 19-1, p. 2). The next day, he flagged down Brown while she was riding in Gibson's car to discuss the molestation. (Doc. 19-1, pp. 2-3). The discussion became heated. (Doc. 19-1, p. 3). Petitioner

saw Gibson smiling and said "ain't nothing funny." (Doc. 19-1, p. 3). He then pulled a pistol and pointed it at Gibson. (Doc. 19-1, p. 3). Brown attempted to calm down petitioner and told Gibson to drive away. (Doc. 19-1, p. 3). As he did so, petitioner fired several shots at the retreating car, one of which fatally struck Gibson in the back. (Doc. 19-1, p. 3). Brown jumped out of the car and identified petitioner as the shooter. (Doc. 19-1, p. 3). Petitioner admitted that he shot Gibson at trial, but argued that he saw Gibson reach for something and start to get out of the car, and therefore believed Gibson threatened his life. (Doc. 19-1, p. 5).

Petitioner had been convicted in 2001 of unlawful use of a weapon, and in 2002 for burglary. (Doc. 19-1, p. 1). Prior to trial, petitioner filed motions in limine to prohibit the use of both convictions. (Doc. 19-1, pp. 1-2). The court granted the motion as to the unlawful weapons conviction, but allowed the use of the burglary conviction for impeachment as a crime of dishonesty. (Doc. 19-1, p. 2). During the trial, petitioner took the stand in his own defense and testified that he saw Gibson reach for something and then exit the car. (Doc. 19-1, p. 5). He admitted that Gibson did not actually have a weapon at any time. (Doc. 19-1, p. 5). In response to a question from his attorney about how many rounds his weapon held, petitioner testified that "I couldn't even tell you exactly because I had—I hadn't had it that long, you know. I ain't really too familiar with guns like that." (Doc. 19-1, p. 5) Upon hearing that testimony, the prosecution asked the court to reconsider its ruling on the motion in limine regarding the prior

3

conviction for unlawful use of a weapon. (Doc. 19-1, p. 5). The State argued that petitioner's testimony that he was not familiar with guns had opened the door to impeach him with the weapons charge. (Doc. 19-1, p. 5). The court found the probative value of the prior conviction in light of petitioner's testimony outweighed its prejudicial value, and the court permitted the State to impeach petitioner with his prior conviction on rebuttal. (Doc. 19-1, p. 6). The court gave the jury an instruction that they were only to consider this evidence as it related to petitioner's credibility, and that the prior conviction was not evidence of guilt of the current charge. (Doc. 19-1, p. 6).

During the closing arguments, the prosecutor made the following statement: "This man killed Carlos Gibson for no reason, just like so many of the other murders that plague this area of our county." (Doc. 19-2, p. 3). The prosecutor also went on to explain the jury instructions, and then spent time deconstructing petitioner's argument that he acted in self-defense. (Doc. 19-2, p. 9). Finally, the prosecutor argued in favor of first degree murder over the defense's preferred charge of second degree murder. (Doc. 19-2, p.10). The jury found petitioner guilty of first degree murder and he was ultimately sentenced to 50 years' imprisonment. (Doc. 19-1, p. 6).

### B. Direct Appeal

On direct appeal, petitioner argued he was denied a fair trial because the trial court improperly allowed the State to impeach him with highly prejudicial evidence of his prior conviction for aggravated unlawful use of a

weapon. (Doc. 19-1, p. 1). The appellate court affirmed the conviction and sentence. (Doc. 19-1, p.10). The appellate court specifically found:

> Defendant's credibility was crucial to the jury's determination of guilt or innocence. It was entitled to be able to utilize information about his prior criminal behavior as it affected his credibility. Even assuming, *arguendo*, the trial court erred in allowing into evidence proof of defendant's prior conviction for unlawful use of weapons, it would be deemed harmless. The evidence at the trial, including defendant's own testimony that he did not see the victim with any type of weapon yet he fired repeatedly at the victim and even followed after Carlos's vehicle to fire at him as he attempted to drive away, was more than sufficient to prove him guilty of first degree murder beyond a reasonable doubt. (Doc. 19-1, p. 10).

Petitioner filed a PLA. (Doc. 19-5). The Illinois Supreme Court denied the petition for leave to appeal on March 29, 2006. (Doc. 19-6).

### C. Petition for State Postconviction Relief

Petitioner filed a *pro se* petition for postconviction relief (PCR) in September 2006. (Doc. 19-3). He alleged that his constitutional rights under the Sixth and Fourteenth Amendments were violated because appellate counsel failed to raise the effectiveness of trial counsel during his direct appeal. (Doc. 19-3, p. 2). Specifically, petitioner alleged that trial counsel should have objected to the prosecutor's statement during closing that Petitioner shot the victim for "no reason like so many of the other murders that plague this area of our county." (Doc. 19-3, p. 2). He also took issue with the prosecutor's statements that Brown was a credible witness, and alleged that the prosecutor misstated the law by telling the jurors that the State only needed to prove one of the three culpable mental states for first degree murder. (Doc. 19-3). The trial court dismissed the

5

motion as frivolous and patently without merit. (Doc. 19-4). Petitioner appealed, but limited his appeal to the issue of whether the prosecutor's comments in closing had improperly inflamed the jury. (Doc. 19-13).

The appellate court also rejected petitioner's post-conviction appeal. They found that *Strickland* applied to petitioner's claims. (Doc. 19-2, p. 5). The appellate court found as follows:

> We do not believe it is even arguable that either trial counsel or appellate counsel could have obtained a different result for the defendant by raising the issue. The statement was an isolated remark. The State did not introduce evidence of unrelated crimes in the same neighborhood, as it did in *Carter*, and the prosecutor made no other mention of such crimes in the remainder of his closing argument. He did not urge jurors to convict the defendant because if they did not do so, they could not feel safe again in the area of the county where the shooting occurred. See, *e.g.*, *People v. Blackman*, 358 N.E.2d 50, 52 (1976) (finding that it was error for the prosecutor to argue that if the jurors acquitted the defendant, they should avoid the area where the crime occurred for the sake of their own safety) (parallel citations omitted). Because this isolated remark would not have required a reversal had it been raised on direct appeal, appellate counsel was not ineffective for failing to raise it.
> We also do not believe that the defendant was prejudiced by trial counsel's failure to object. Prejudice, for purposes of a claim of ineffective assistance of counsel, means that but for counsel's error, a more favorable result was reasonable likely. *Strickland*, 466 U.S. at 694 (parallel citations omitted). Although the evidence against the defendant was not uncontroverted, it was quite strong. . . . [O]ne witness provided testimony that supported the defendant's version of events. In addition, Lafonda Brown, the State's principal witness, was impeached with a signed and notarized statement she made stating that the defendant had shot Gibson in self-defense. She testified at trial that she made the statement because she thought her children would be harmed if their father went to prison. However, the forensic evidence showed that the defendant filed multiple shots. Forensic evidence also

> showed that Gibson had been shot in the back from a distance. In the face of this evidence, it is inconceivable that any reasonable jury would have acquitted the defendant in the absence of an isolated remark in the prosecutor's closing argument. Thus, we find that the defendant's claims of ineffective assistance of trial counsel and appellate counsel have no arguable basis in law. In light of this, the postconviction court correctly found them to be frivolous and patently without merit.

(Doc. 19-2, pp. 10-11)

Petitioner then filed a PLA pro-se (Doc. 19-7), which was denied on May 26, 2010. (Doc. 19-8).

On January 21, 2011, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response on January 18, 2012. (Doc. 18) The petition ripened when petitioner's time to file a reply lapsed on February 25, 2012. (Doc. 20). Having thoroughly reviewed the record, the Court **DENIES** Lemuel Straughter's petition for habeas corpus relief.

### III. Analysis

Section 2254 permits federal courts to entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

The authority of federal courts to issue habeas corpus relief for persons in State custody is provided by 28 U.S.C. § 2254, as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Harrington v. Richter*, 131 S.Ct. 770, 783 (U.S. 2011). While § 2254 does not impose a complete bar on federal court relitigation of claims already rejected in state proceedings, the hurdle is a high one. *Id.* at 786. A court cannot grant a writ to a petitioner in State custody "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). *Accord Malone v. Walls*, 538 F.3d 744, 757 (7th Cir. 2008).

Under the "contrary to" clause, a writ may be issued only if the state court applied a rule that contradicts the governing law set forth by the Supreme Court or if the state court reached a different outcome based on facts materially indistinguishable from those previously before the Supreme Court. *Morgan v. Hardy*, 662 F.3d 790, 797 (7th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Under the "unreasonable application" clause, a federal court may grant relief if the state court identifies the correct governing legal principle from Supreme Court precedent, but unreasonably extends it (or refuses to extend it to a new context where it should apply). *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012); *Morgan*, 662 F.3d at 797. And factual findings made by both the state trial court and the appellate court reviewing the trial record are

8

presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008).

On habeas review, a federal court should treat a state court's decision with "deference and latitude." *Harrington*, 131 S.Ct. at 785. The inquiry is not whether the state applied federal law incorrectly, but rather whether the state court applied federal law unreasonably. *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). A state court's determination that a claim lacks merit therefore precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision. *Harrington*, 131 S.Ct. at 785 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Section 2254(d) does not require a state court to give reasons before its decision can be deemed "adjudicated on the merits." *Harrington*, 131 S.Ct. at 785. It may be presumed, when the state court has denied relief on a presented federal claim, that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. *Id. See also Johnson v. Williams*, 133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted."). When the presumption applies, courts must determine what arguments or theories could have supported the state court's decision. *Id.* at 786; *Eichwedel v. Chandler*, 696 F.3d 660, 672 (7th Cir. 2012). On a § 2254 petition, federal courts assess the

9

decision of the last state court to rule on the merits of a prisoner's claim. *Franklin v. Sims*, 538 F.3d 661, 664 (7th Cir. 2008). If a claim was not adjudicated on the merits by a state court, federal courts must dispose of the matter as law and justice require. 28 U.S.C. § 2243; *Eichwedel*, 696 F.3d at 671.

### 1. Improper Impeachment Claim

Bearing in mind the deference and latitude afforded state courts, this Court now turns to petitioner's first ground for relief—his claim that his prior conviction was improperly admitted for impeachment purposes.

Petitioner initially won a motion in limine to exclude the evidence of his prior conviction. However, after he testified that he was "not too familiar with guns like that," the state court ruled that he had opened the door and permitted the State to impeach him with evidence of his prior conviction. In allowing the statement, the trial court expressly found that "like that" was petitioner's verbal tic and did not modify the word "gun." The trial court also read a limiting instruction to the jury that state that petitioner's prior convictions could only be considered so far as they affected his credibility. The appellate court affirmed and found that the admission of the conviction was proper under Illinois law, and further, that even assuming it was improper, the error was harmless.

Petitioner's claim turns on the application of Illinois state law. The appellate court analyzed the admission of the prior conviction under the standard elucidated in *People v. Montgomery,* 268 N.E.2d 695 (1971). This is a decision of the Illinois Supreme Court regarding the admissibility of certain evidence, not

10

authority of the United States Supreme Court, and it therefore cannot support a writ of habeas corpus. *See Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 1999) (holding state court evidentiary errors do not normally entitle a defendant to habeas relief); *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000). In particular, other courts in the Seventh Circuit have specifically found that the admission of prior convictions at the state level does not give rise to relief under § 2254. *See U.S. ex rel. Torres v. Chandler*, 370 F.Supp.2d 755, 758 (N.D. Ill. 2005) (noting that the petitioner's claim that he was improperly impeached by a prior conviction could not be a due process violation sufficient to grant a habeas writ because the Federal Rules of Evidence permit the same type of impeachment). An evidentiary ruling will only rise to the level of a due process violation where it is likely that an innocent person was convicted. *Anderson*, 243 F.3d at 1053. Here, there is no evidence of actual innocence. The Illinois appellate court found that the evidence against petitioner was so substantial that the introduction of his prior conviction amounted to harmless error. Additionally, petitioner did not plead that he was actually innocent in his habeas petition or point to any facts tending to show that he was actually innocent that the jury did not have before them. Instead, he argued that the evidence was highly prejudicial and of limited probative value. This does not rise to the high bar of actual innocence.

Petitioner's improper impeachment claim, then, is not cognizable under federal habeas relief.[1] It turns on a question of state law, and petitioner has not met the high bar of showing that the operation of state law here deprived him of his due process rights.

### 2. Ineffective Assistance of Counsel Claim

Petitioner's next ground for relief raises an ineffective assistance of counsel claim. The Supreme Court set forth a two-part test to evaluate ineffective assistance of counsel claims in *Strickland v. Washington*. 466 U.S. 668 (1984). A person challenging a conviction on ineffective assistance of counsel grounds must show 1) his counsel's performance was objectively unreasonable or deficient and 2) he suffered prejudice, meaning, but for his unprofessional counsel's errors, he would have achieved a different result. *Id*. at 688, 694. An unsuccessful strategy is not proof that an attorney violated the *Strickland* standard, provided the lawyer's strategic decisions fell within a "wide range of reasonable professional assistance." *Id* at 689; *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013). Additionally, under AEDPA, the habeas court must defer to the state court's determination that an attorney rendered effective assistance unless that determination violates clearly established Supreme Court precedent. *Harrington v. Richter*, 131 S.Ct. 770, 784 (U.S. 2011); *Shaw*, 721 F.3d at 914. A

---

[1] Respondent alternatively argues that this claim is not exhausted for failure to raise the federal law issue pursuant to *Bintz v. Betrand*, 403 F.3d 859 (7th Cir. 2005). While Respondent concedes that petitioner presented the underlying facts for state court review, the argument is that his claim fails for not using the vocabulary of a constitutional claim. While this claim may have merit, it is not necessary for the Court to reach it here, having determined that the claim is not cognizable.

state court decision will be reasonable if objective minds could differ over its correctness. *Id*. However, the fact that the deficient performance complained of involves only issues of state law does not preclude a federal court's review of the *Strickland* issue, even though the federal court must defer to the state court's determinations of the underlying state law. *Shaw*, 721 F.3d at 914.

Appellate attorneys do not have an obligation to raise every available argument, rather they need only to select the most promising issue for review. *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983). An appellate attorney's performance is deficient where an obvious and clearly stronger claim is not presented on appeal in favor of a weaker one and there is no strategic rationale for that choice." *Shaw v. Wilson*, 721 F.3d 908, 915 (7th Cir. 2013). This difficult standard will not be met if the comparative strength of two claims is debatable from the perspective of a reasonable attorney. *Id.*

It appears from the record that the claim that trial counsel was ineffective is not a strong one. Petitioner does not actually argue that the Illinois appellate court unreasonably applied *Strickland* when they evaluated his claim. He merely restates the claims he previously presented there. Additionally, this Court does not find that its application was unreasonable so as to state a claim under § 2254. The appellate court considered the allegedly improper closing argument and determined that it did not cause petitioner prejudice because it was an isolated comment, the weight of the evidence against petitioner was strong, and the prosecutor did not improperly imply that the jurors should avoid the area of

13

the crime. Therefore, it concluded that petitioner did not suffer any prejudice at trial. This Court finds that this conclusion is a reasonable application of *Strickland*. Petitioner has not identified, and the undersigned cannot find a constitutional error in the state court's analysis of prejudice.

Petitioner's likelihood of success on his ineffective assistance of trial counsel claim is directly relevant to the consideration of his appellate counsel's performance. Having found petitioner suffered no prejudice as a result of the closing statement, the state court also found that appellate counsel was not ineffective for failing to raise trial counsel's failure to object to closing. Because it is doubtful that appellate counsel could have succeeded on the improper closing argument claim, this Court cannot say that the claim is obviously stronger than the claim appellate counsel actually presented on appeal. The claim raised on appeal had been a heavily disputed issue at trial, and clearly preserved for an appeal. Petitioner himself apparently believes that the claim was strong enough to raise again in this proceeding. Therefore, the ineffective assistance of counsel claim was not objectively stronger than the claim actually raised on appeal, and appellate counsel's performance was not deficient under the standard in *Shaw*.

Because it fails to raise any constitutional or federal law grounds for relief, Straughter's petition is **DENIED**.

### IV. Certificate of Appealability

The district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Rule 11(a), RULES

GOVERNING SECTION 2254 CASES. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies a petitioner's § 2254 petition on the merits and not merely for procedural reasons, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because a reasonable jurist may find the Court's decisions with respect to petitioner's claim for ineffective assistance of counsel debatable, the Court grants a COA on Claim 2. A COA is denied as to all other claims.

## V. Conclusion

For the reasons discussed above, petitioner Lemuel Straughter's § 2254 Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Court grants a certificate of appealability on Claim 2, as described above. The Court DIRECTS the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

DATE: September 11, 2013

David R. Herndon
2013.09.11
15:51:35 -05'00'

**Chief Judge**
**United States District Court**